In re WERTHEIMER et al.

(Circuit Court of Appeals, Second Circuit. April 18, 1893.)

CUSTOMS DUTIES—CUMULATIVE DUTIES—MEN'S PRICK-SEAM GLOVES.

The tariff act of October 1, 1890, par. 458, imposes a duty of 50 per cent. ad valorem on men's leather gloves, and then provides that, "in addition to the above rates, there shall be paid on all men's gloves, $1.00 per dozen; on all lined gloves, $1.00 per dozen; on all pique or prick-seam gloves, $.50 per dozen," etc. Held, that these additional rates were alternative, and not cumulative, and that, if the same article was included in two or more classes, it need only pay the rate applicable to the highest of those classes. 50 Fed. Rep. 67, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Wertheimer & Co. from a decision of the collector of the port of New York, ascertaining the duty on men's leather gloves imported by them. The circuit court reversed the decision of the appraisers, (50 Fed. Rep. 67,) and the United States appealed from that decision. Affirmed.

Henry C. Platt, Asst. U. S. Dist. Atty.

W. Wickham Smith, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Wertheimer & Co., on October 15, 1890, imported into the port of New York an invoice of men's leather pique or prick-seam gloves. The collector, deeming them to be also

embroidered, assessed a duty thereon of 50 per cent. ad valorem, and $2 per dozen pairs, under the provisions of paragraph 458 of schedule N of the tariff act of October 1, 1890. The importers protested upon the ground that, by the proper construction of said paragraph, they were dutiable at 50 per cent. ad valorem and 50 cents per dozen pairs. The board of general appraisers found that the gloves were not embroidered, and held that the statutory duty upon men's pique gloves, under the paragraph, was 50 per cent. ad valorem, and $1.50 per dozen pairs. From this decision the importers appealed to the circuit court, which reversed the decision of the board of general appraisers, and held that the proper rate of duty was $1 per dozen pairs, in addition to 50 per cent. ad valorem. From this decision the United States has appealed.

Paragraph 458 is as follows:·

"Gloves of all descriptions, composed wholly or in part of kid or other leather, and whether wholly or partly manufactured, shall pay duty at the rates fixed in connection with the following specified kinds thereof, fourteen inches in extreme length, when stretched to the full extent, being in each case hereby fixed as the standard, and one dozen pairs as the basis, namely: Ladies' and children's schmaschen of said length or under, one dollar and seventy-five cents per dozen; ladies' and children's lamb of said length or under, two dollars and twenty-five cents per dozen; ladies' and children's kid of said length or under, three dollars and twenty-five cents per dozen; ladies' and children's suedes of said length or under, fifty per centum ad valorem; all other ladies' and children's leather gloves, and all men's leather gloves, of said length or under, fifty per centum ad valorem; all leather gloves over fourteen inches in length, fifty per centum ad valorem; and in addition to the above rates there shall be paid on all men's gloves one dollar per dozen; on all lined gloves, one dollar per dozen; on all pique or prick-seam gloves, fifty cents per dozen; on all embroidered gloves, with more than three single strands or cords, fifty cents per dozen pairs."

The question in this case relates entirely to the proper construction of this paragraph, and is, are the additional duties imposed upon men's gloves, lined, prick-seamed, and embroidered gloves, cumulative, so that gloves having all the peculiarities named are liable to pay an additional rate of $3 per dozen? The board of general appraisers decided this question in the affirmative. The circuit court was of opinion that the latter portion of the paragraph imposed alternative rates, and that, if the same article was included in two or more classes, it should pay, under section 5 of the act of June 10, 1890, the rate applicable to the highest class within which it was included. The theory of the government is that it was the legislative intent to impose an increased duty upon each class of gloves upon which additional labor and expense had been placed, and that the paragraph, after placing a rate upon the standard article, placed cumulative rates upon each class as it increased in value. The paragraph does not declare such an intent. It must be inferred, for nothing in the language directs a cumulative series of duties. The language is in harmony with the theory that additional specific rates were imposed upon four separate classes of gloves, and that each class should pay a duty in addition to the rates which had been imposed in the first part of the paragraph, but not additional to the rates which were im-

posed by the latter part of the paragraph. The result which would happen if a certain style of gloves should be included in more than one class was not the subject of this paragraph. Although gloves might be included in two or more classes, the language of the paragraph does not imply that they were to pay two or more rates, but the question of the dutiable rate under such circumstances is solvable by reference to section 5, which provides that, if two or more rates of duty are applicable to an imported article, it shall pay duty at the highest of such rates. The construction which imposes cumulative duties is one which seems strained and unnatural, in the absence of a more clearly expressed intention on the part of the legislature to assess duties upon a cumulative system. The judgment of the circuit court is affirmed.